GENOVA & MALIN
Attorneys for Debtors
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------x
IN RE

                                                                        **CHAPTER 13**

SHAN E. VITARIUS and                          **CASE NO. 09-35840(CGM)**
JESSICA J. VITARIUS,

                      Debtors.
---------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
NOTICE OF MOTION TO AVOID JUDICIAL LIEN
PURSUANT TO 11 U.S.C. §522(f)(1)**

**PRELIMINARY STATEMENT**

SHAN E. VITARIUS and JESSICA J. VITARIUS (the "debtors"), submit this Memorandum of Law in Support of their Motion to Avoid Judicial Lien pursuant to 11 U.S.C. §522(f) (the "motion"), dated July 27, 2010.

**STATEMENT OF FACTS**

The facts upon which the debtors rely are set forth in the Motion submitted herewith as if set forth herein.

**ISSUE PRESENTED**

1. May the debtors avoid the pre-petition judicial lien filed against their real property to the extent that such liens impair the debtors' combined homestead exemption of

$100,000.00, pursuant to 11 U.S.C. §522(f)?

## ARGUMENT

It is patently clear that the application of the "bright line formula" set forth in 11 U.S.C. §522(f)1) and §522(f)(2) for the avoidance of judicial lien impairing debtors' exemption mandates a finding in the instant case that the pre-petition judicial lien herein are void. 11 U.S.C. §522(f)(1) & (2); In re Judson, 18 CBN 186 (B.Ct. D.Me. 2007); In re Levinson, 372 B.R. 582 (B.Ct. E.D.N.Y. 2007); In re Wilding, 475 F.3d 428, 432 (1st Cir.2007), In re Bradley, 369 B.R. 147, 151-152 (B.Ct.S.D.N.Y. 2007), In re Pacheco, 342 B.R. 352, 357 (B.Ct. D.N.M. 2006), In re Salanoa, 263 B.R. 120, 123 (B.Ct. S.D.Cal .2001); In re Newell, 311 B.R. 268, (B.Ct. D.Co. 2004) (citing In re Pepper, 210 B.R. 480 (B.Ct. .Colo.1997)); In re Kolich, 273 B.R. 199 (8th Cir. BAP 2002), aff'd, 328 F.3d 406 (8th Cir. 2003); and In re Holland, 151 F.3d 546 (6th Cir.1998); Timothy D. Moratzka, Do the Math! Avoidance of Judicial Liens Under §522(f), 21-10 ABIJ 12 (December 2002/January 2003).

The debtors may employ Section 522(f) of the United States Bankruptcy Code ("Code") to avoid the judicial lien filed against their real property. The Bankruptcy Code, as well settled case law, and the myriad of decisions entered by this Court and throughout the Southern District of New York have clearly established that a debtor may avoid a pre-petition judicial lien to the **extent to which** that judicial lien impairs the debtor's homestead exemption under N.Y. C.P.L.R. §5206 and 11 U.S.C. §522. In this regard, Section 522(f)(1) of the Code states, in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in the property to the extent that such lien impairs an exemption to which

the debtor would have been entitled under subsection (b) of this section, if such lien is -

(A) a judicial lien....

Section 522(f)(2) of the Code clarifies and adds:

For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -

(I) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The first step in applying Section 522(f) is to determine the value of the debtors' real property, the value of unavoidable liens in priority position to the judgment lien and the value of the debtor's exemption under 11 U.S.C. §522(a). 11 U.S.C. §522(f). For the purpose of the instant motion, the value of the real property, unavoidable liens, judgment liens, and debtor's exemption is determined upon the date the petition was filed. In re Judson, 18 CBN 186 (B.Ct. D.Me. 2007) (See also Legislative Comment to 11 U.S.C. §522(f)). As it is well settled that "exempt property is valued as of the petition date for purposes of determining whether a judgment lien impairs the exemption." In re Judson, 18 CBN 186 (B.Ct. D.Me. 2007) . "11 U.S.C. §522(a) defines 'value' for purposes of §522 as 'fair market value as of the *date of filing of the petition... .*' Accordingly, the petition date has been held to be the operative date for all §522(f) determinations, including determinations regarding the value of the debtor's property and the value of the liens." In re Levinson, 372 B.R. 582, 586 (B.Ct. E.D.N.Y. 2007) (citing In re Wilding, 475 F.3d 428, 432 (1st Cir.2007), In re Bradley, 369 B.R. 147, 151-152 (B.Ct.S.D.N.Y.

2007), In re Pacheco, 342 B.R. 352, 357 (B.Ct. D.N.M. 2006), In re Salanoa, 263 B.R. 120, 123 (B.Ct. S.D.Cal .2001)).  The "Bankruptcy statute providing for avoidance of certain liens on 'exemption impairment' grounds is meant to freeze relative rights of debtor and lien creditors as of date of filing of bankruptcy petition." In re Newell, 311 B.R. 268, 268  (B.Ct. D.Co. 2004). ***"[T]he lien avoidance pursuant to §522(f) is permanent, and the lien cannot attach to any future appreciation in the value or the equity in the property claimed as exempt."*** Timothy D. Moratzka, Do the Math! Avoidance of Judicial Liens Under §522(f), 21-10 ABIJ 12 (December 2002/January 2003) [emphasis added].

Legislative history clearly states that "the purpose of §522(f) is to protect a debtor's exemption, his discharge and his fresh start by permitting him to avoid a judicial lien on any property to the extent that the property could have been exempt in the absence of the lien." In re Levinson, 372  B.R. at 586 (citing S.Rep. No. 95-989, at 76, (1978)).  "An expressed purpose of Congress in enacting section 522(f)'s avoidance provision was to prevent unsecured creditors from bypassing exemptions simply by converting their claims into judicial liens and obtaining security interests in otherwise exempt property." Nelson v. Scala, 192 F.3d 32, 34 (1st Cir. 1999) (citing H.R.Rep. No. 95-595, 126-27 (1977)).

"When first enacted, §522(f) did not define *when* a judicial lien impairs an exemption.  In 1994, Congress added §522(f)(2)(A), a definition of what constitutes impairment of an exemption, in order to resolve the conflicting judicial interpretations which had arisen under the prior law." In re Newell, 311 B.R. at 270 (B.Ct. D.Co. 2004) (citing H.Rep. No. 835, 103rd Cong., 2d Sess. 52-54 (1994)).  Prior to the 1994 amendments, although the majority of courts held that a portion of a judgment lien could survive to the extent equity existed above the

4

amount of the debtor's exemption, the minority opinion held that a judicial lien was void in its entirety even if there was equity in the property upon which it could partially attach. Id. In an attempt to clarify its intent with regard to the application of Section 522(f), Congress amended the law to implement a "bright line" mathematical equation for the purpose of aiding courts in determining how much or to what extent the lien in question was to be avoided and stricken from the exempt property. Congress added Section 522(f)(2)(A) which provides that:

> For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -
>
> (I) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

"Under §522(f)(2)(A) the question of 'impairment' is to be determined by a purely mathematical, 'bright line' formula...." In re Newell, Supra. at 270 (citing In re Pepper, 210 B.R. 480 (B.Ct. .Colo.1997)); In re Kolich, 273 B.R. 199 (8th Cir. BAP 2002), aff'd, 328 F.3d 406 (8th Cir. 2003); and In re Holland, 151 F.3d 546 (6th Cir.1998).

> The 'bright line' formula to be employed:
>
> 1. Determine the value of the property upon which the judicial lien is sought to be avoided.
>
> 2. Deduct the amount of all liens not to be avoided from (1).
>
> 3. Deduct the debtor's allowable exemptions from (2).
>
> 4. Avoid all judicial liens to the extent same exceed the positive figure resulting from (2).

Timothy D. Moratzka, Are Windfalls Part of a Fresh Start? Avoidance of Judicial Liens Under 11 U.S.C. §522(f), 21-4 ABIJ 12 (May 2002). Additionally,

> [B]y its terms, §522(f)(1) permits avoidance of the fixing of a lien "to the extent" that the lien impairs an exemption. It would seem to follow that if part of a lien impairs an exemption, and an additional part does not impair the exemption, only the portion of the lien that impairs the exemption should be avoidable. For example, assume a debtor owns an asset with a value of $10,000. Assume further that the debtor is entitled to exempt up to $4,000 of that asset, and that the asset is subject to a lien with a face value of $11,000. In that circumstance,... §522(f)(1) would permit avoidance only of the first $4,000 of the lien; and that the remaining $6,000 of the asset would remain subject to the lien. That is the result reached by a majority of the cases that address this issue.

M. Holleran, et al, *Bankruptcy Code*, ¶522.6.7 text accompanying notes e-g (West's Bankruptcy Series 2005-2006 ).

In this case, when the above-formula is applied to the facts, the result is avoidance in the entirety:

1. Value of Property: $ 235,000.00

Less:

2. Unavoidable Liens: $ 301,253.99

3. Debtors' allowable exemptions: $ 100,000.00

    Equity: $ 0.00

4. Avoid all judicial liens to the extent same exceed the positive figure resulting from (2).

Furthermore, not only may a debtor employ the statute to avoid a judgment for the purpose of protecting actual exempt equity in the real property, a debtor may even employ this section to avoid a judicial lien in the situation where no equity exists. 140 Cong. Rec. H. 10,764

(daily ed. October 4, 1994), Floor Statement of Rep. Brooks regarding Title I, Section 303 of Pub. L. 103-394 (the "Bankruptcy Reform Act of 1994"); H.J. Sommer, et al., *Consumer Bankruptcy Law and Practice* (National Consumer Law Center 5th ed. 1996 and Supp. 1999), citing In re Higgins, 201 B.R. 965 (B.A.P. 9th Cir. 1996); In re McQueen, 196 B.R. 31 (E.D.N.C. 1995); In re Thomsen, 181 B.R. 1013 (B.Ct. M.D. Ga. 1995). Thus, in the situation where the calculation results in zero exemptible equity, the lien may be avoided in its entirety.

Moreover, not only have a majority, if not all of the cases post-1994 amendment to the Code accepted the above, the Southern District of New York, and this Court in particular, have embraced this statutory scheme since 1994. In re Bradley, 369 B.R. 147, 151-152 (B.Ct. S.D.N.Y. 2007); In re Guerin, (B.Ct. S.D.N.Y. 07-35630); In re Oliva, (B.Ct. S.D.N.Y. 07-35841); In re Cooley, (B.Ct. S.D.N.Y. 07-35917); In re Cotton, (B.Ct. S.D.N.Y. 07-36160); In re Oliva, (B.Ct. S.D.N.Y. 07-36706); In re Brownell, (B.Ct. S.D.N.Y. 05-382810; In re Dunham, (B.Ct. S.D.N.Y. 06-35907); In re Muyot, (B.Ct. S.D.N.Y. 06-36131); In re Berge, (B.Ct. S.D.N.Y. 06-22411); In re Walton, (B.Ct. S.D.N.Y. 07-35237).[1]

## CONCLUSION

Accordingly, for all of the foregoing reasons, the debtor respectfully requests that the Motion be granted, that this Court enter an Order avoiding the judicial lien, pursuant to 11

---

[1] This is a small sampling of the cases in this Court and the whole of the Southern District of New York in which Section 522(f) Orders have been granted.

U.S.C. §522(f)(1); and grant to the debtors such other and further relief as this Court deems appropriate.

Dated: Wappingers Falls, NY
July 27, 2010

                                  GENOVA & MALIN
                                  Attorneys for Debtors

                  By:   /s/ Andrea B. Malin
                          ANDREA B. MALIN (ABM4424)
                          Hampton Business Center
                          1136 Route 9
                          Wappingers Falls NY 12590
                          (845) 298-1600