GENOVA & MALIN  
Attorneys for the Debtors  
1136 Route 9  
Wappingers Falls NY 12590  
(845) 298-1600  
Thomas Genova (TG4706)  
Andrea B. Malin (AM4424)

DATE: MARCH 15, 2011  
TIME: 9:15 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------X  
IN RE:

SHAN E. VITARIUS and  
JESSICA J. VITARIUS,

                          Debtors.  
----------------------------------------------------------X

CHAPTER 13  
CASE NO. 09-35840(CGM)

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION  
AND EXPENSES TO ATTORNEYS FOR DEBTORS UNDER  
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS UNITED STATES BANKRUPTCY JUDGE:**

The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, respectfully represents:

**<u>GENERAL BACKGROUND</u>**

1. On April 7, 2009, SHAN E. VITARIUS and JESSICA J. VITARIUS, the debtors, filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

2. Your applicant, on behalf of the debtors, has been responsible for guiding the debtors' estate through Chapter 13 of the Bankruptcy Code.

3. The debtors own their residence located at 89 Dashville Road, New Paltz, New York (the "residence").

4. At the time of the filing, the residence was encumbered by a first mortgage

held by FIRST HORIZON HOME LOANS, ("FIRST").

5. The debtors sought to file the petition in an effort to reorganize their financial situation and address the arrears with regard to the monthly mortgage payment.

**APPLICATION FOR FEES**

6. This application is made by GENOVA & MALIN, for an allowance of additional compensation for professional services rendered to and on behalf of the debtors in seeking to loss mitigate the debtors' first mortgage from April 1, 2010 to February 28, 2011.

7. Your applicant has acted as legal counsel to the debtors and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN's business, concurrently with the rendition of such services and the incurring of such costs and expenses. A summary of these records is annexed hereto and made a part hereof as Exhibit "A". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtors are set forth in the following summary.

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

Investigation into the Financial Condition of the Debtors

8. From the outset of this proceeding, your applicant has been intimately involved in an effort to protect the interest of the debtors and their estate and bring about a reasonable recovery for creditors. In the initial phases of this case, your applicant commenced an investigation into the financial condition of the debtors and was called upon to advise the debtors as to the requirements of the Bankruptcy Code and the administration of a Chapter 13

case.

## LOSS MITIGATION

9. On May 10, 2010, the debtors filed a request for loss mitigation on their first mortgage.

10. On June 14, 2010, this Court entered a Loss Mitigation Order. The Order required the parties to exchange financial documentation and conduct several conferences in an effort to obtain a loan modification.

11. In pursuing the loss mitigation, this firm was required to have several conferences with the debtors, the first mortgagee's counsel, review voluminous documents and submit completed financials for the debtors. Due to the efforts of this firm, the process resulted in an offer from the mortgagee of a loan modification, which has been accepted by the debtors.

## MOTION FOR RELIEF FROM STAY FILED BY MID HUDSON VALLEY FEDERAL CREDIT UNION

12. On June 8, 2010, MID HUDSON VALLEY FEDERAL CREDIT UNION filed a Motion for Relief from the stay alleging the debtor was in default of her payment obligations pursuant to the terms and conditions of a contract entered into regarding a 2006 Dodge Durango.

13. On July 8, 2010, a Stipulation and Order was filed with this Court.

14. This firm was required to engage in several negotiations with the attorneys for Mid Hudson Valley Federal Credit Union.

15. On July 9, 2010, a Stipulation and Order providing the debtors an opportunity to come current with their payments and maintain this vehicle was entered by this Court.

## MOTION TO AVOID LIEN

16. On July 29, 2010 a Motion to Avoid Lien was filed on debtors' behalf.

17. Said Motion was returnable before this Court on August 19, 2010.

18. On August 19, 2010, this firm appeared before this Court on this Motion and the Motion was granted.

19. An Order Voiding Lien was entered by this Court on September 9, 2010.

## MOTION VOIDING LIEN

20. On August 6, 2010, a Notice of Motion Voiding Lien was filed on debtors' behalf.

21. Said Motion was returnable before this Court on September 7, 2010.

22. On September 7, 2010, this firm appeared before this Court on this Motion and said Motion was granted.

23. An Order Voiding Lien was entered by this Court on September 9, 2010.

## CONFIRMATION PROCESS

24. The firm was required to prepare for and appear at a 341 Creditor's Meeting, review voluminous financial documentation and monthly operating reports.

25. The firm was required to attend several Hearings on Confirmation, prepare schedules, a plan, amended plan, amended schedules and worksheet.

26. An examination of the record of this case will indicate that many of the procedures were accomplished with a minimum of litigation and intervention by the Court. It is respectfully submitted that the efforts of your Applicant in private discussions and meetings played a significant role in the results obtained. Relationships forged by your Applicant in

previous matters, over the course of many years, together with the patient handling of many problems that never developed into Court proceedings ought to be noted in the consideration of how this case reached its present status. There were many times in the history of this case where confrontations and hostile actions were avoided through quiet discussion and negotiation.

27. Finally, it should be noted that this case involved the examination, analysis, reading, and proofreading of countless documents during each of the phases of this case.

28. The many facets of this case have consumed a considerable amount of your applicant's time and that of its office staff. This application for allowance of final compensation details those services that have been performed by your applicant as of the date of this application. In making this application, your applicant has endeavored to keep it in summary and concise form.

29. Your applicant has expended 15.6 hours of partner time; 0.2 hours of associate time and 8.8 hours of paralegal time from April 1, 2010 through February 28, 2011, in the rendition of its services to the debtors. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of twenty-four (24) years. He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law

Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994. He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of eighteen (18) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

30. Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained,

6

should be taken into consideration in computing the award of final compensation.

31. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

32. Your applicant's standard time charge for the period from April 1, 2010 to December 31, 2010 it was THREE HUNDRED DOLLARS ($300.00) for partner time; TWO HUNDRED DOLLARS ($200.00) for associate time; and ONE HUNDRED DOLLARS ($100.00) for paralegal time. From January 1, 2011 to February 28, 2011 it was THREE HUNDRED FIFTY DOLLARS ($350.00) for partner time and ONE HUNDRED DOLLARS ($100.00) for paralegal time.

33. Utilizing these standard time charges 2.5 hours at $350.00 per hour ($875.00); 13.1 hours at $300.00 per hour ($3,930.00); 0.2 hours at $200.00 per hour ($40.00) and 8.8 hours at $100.00 per hour ($880.00), all totaling the sum of $5,725.00.

34. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid. Such expenses have aggregated the sum of $287.92.

35. No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made therefor to this

Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of $5,725.00 and costs and expenses in the sum of $287.92, for such other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
February 14, 2011

GENOVA & MALIN
Attorneys for Debtors

By: /s/ Andrea B. Malin
ANDREA B. MALIN
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600